# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DANIEL ROTGER, ON HIS OWN**
**BEHALF AND OTHERS SIMILARLY**
**SITUATED,**

                      **Plaintiffs,**

**-vs-**                                                  **Case No. 6:11-cv-754-Orl-28DAB**

**HOT DOG HEAVEN OF ORLANDO, INC.,**
**MICHAEL FELD,**

                      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 17)**
>
> **FILED:**      **September 20, 2011**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following the filing of a Notice of Settlement in this Fair Labor Standards Act ("FLSA") case, the Court issued an Order directing the parties to file settlement documents sufficient to perform a fairness review, including evidence with respect to the reasonableness of any attorney's fee (Doc. Nos. 15, 16). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The instant motion followed. As it appears that Plaintiff will be compensated in full with respect to the

FLSA claim, the Court **recommends** that the motion be granted, and the case be dismissed with prejudice.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Applied here, according to the Joint Motion, the parties calculated Plaintiff's unpaid overtime claim as totaling $1,483.45, with an equal amount due in liquidated damages. Under the settlement, Defendants have agreed to pay $1,483.45 in full satisfaction for the overtime claim, $1,483.45 in full satisfaction of Plaintiff's claim for liquidated damages, and other sums "in additional consideration

for any other alleged claims arising from the termination of Plaintiff's employment." In addition, Defendants have agreed to pay Plaintiff's counsel $3,055.00 in attorneys' fees and $580.00 in costs.

As the parties agree that Plaintiff has obtained more than full relief under this agreement, there is no "compromise" to review. Full recompense is *per se* fair and reasonable. As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Eleventh Circuit Court of Appeals has recently clarified this holding to make clear, however, that "[t]he FLSA plainly requires that the plaintiff receive a *judgment* in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc.*, – F.3d –, 2011 WL 3189770, 6 (11th Cir. 2011) (emphasis added – affirming decision denying attorney's fees where court granted motion to dismiss after defendant denied liability but tendered full payment of alleged damages to resolve case and render it moot). As the impact of *Dionne* has yet to be determined, and as the instant motion presents the fee as part of a stipulated settlement with both sides urging approval, the Court reviews the fee under the traditional FLSA analysis.

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case). Here, the parties

acknowledge that the amount to be paid by Defendants is reasonable and represent that the award of attorneys' fees and costs will not reduce Plaintiff's recovery. Thus, Plaintiff will receive full compensation on his claim plus an acceptable fee to the Plaintiff's attorneys in full satisfaction of the attorney's fees and costs associated with the claim. As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it. The Court finds the settlement to be *per se* reasonable, and further analysis is not necessary.

As the Court finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute, it is **respectfully recommended** that the motion be **granted**, the settlement be approved (to the extent it purports to resolve the FLSA claim) and the Complaint be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 23, 2011.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy